IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY BRINER, # N-23279, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 12-cv-1103-MJR |
| | ) |
| S.A. GODINEZ, MARY MILLER, | ) |
| WEXFORD HEALTH CARE,[1] | ) |
| ROBERT R. WALKER, | ) |
| MICHAEL P. RANDLE, | ) |
| CHRISTY FENTON, SARAH JOHNSON, | ) |
| JACKIE MILLER, DR. ELS, | ) |
| DR. E. MONTWILL, | ) |
| KERRICK L. KILEY, J. SMITH, | ) |
| K. DEEN, D. LAKER, L. MARKEL, | ) |
| K. STOFFEY, WARDEN K. ANGL, | ) |
| and WARDEN GAETZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The events giving rise to his claims occurred both at Pinckneyville and at Danville Correctional Center ("Danville"), where he was previously confined. Plaintiff is serving a nine year sentence for burglary. Plaintiff claims that the Defendants were deliberately indifferent to his serious medical condition, because they refused to authorize cataract surgery.

More specifically, Plaintiff claims that he was diagnosed with a severe cataract in his right eye during his incarceration. He attaches medical records and grievances indicating that this condition was diagnosed in 2009 or 2010 (Doc. 1-1, pp. 2-3; Doc. 1-2, p. 2-3). Plaintiff was

---

[1] Wexford Health Care and fifteen other Defendants were inadvertently omitted from the docket sheet. The Clerk shall be directed to add these parties.

seen by Defendant Els (the optometrist at Danville) and Defendant Montwill (the optometrist at Pinckneyville). Both told him that under Illinois Department of Corrections ("IDOC") policy, he would not be treated surgically unless he lost sight in both eyes (Doc. 1, p. 9). Plaintiff cannot see at all out of his right eye, and this impairment affects his balance (Doc. 1, p. 10; Doc. 1-1, p. 9). His condition has worsened over time, and causes him great anxiety, depression, and fear of permanently losing his sight.

Plaintiff filed several grievances seeking further treatment for the cataract. His grievances were denied by Defendants Mary Miller and Fenton (the medical directors at Danville and Pinckneyville, respectively). Defendants Laker, Markel, Stoffey, Kiley, Smith, and Deen (grievance officers and counselors) also denied Plaintiff's grievances. The grievance responses reiterated the policy, attributed to Defendant Wexford Health Services, that inmates are not eligible for cataract surgery unless sight is lost in both eyes (Doc. 1, p. 9; Doc. 1-2, p. 4). Defendants Walker, Randle, and Godinez (former and current IDOC Directors), as well as Defendants Johnson and Jackie Miller (of the IDOC Administrative Review Board), and Defendants Angl and Goetz (wardens), concurred with the grievance denials.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against the medical Defendants (Fenton, Mary Miller, Montwill, Els, and Wexford Health Care) for deliberate indifference to medical needs. Because Plaintiff is seeking injunctive relief as well as damages, Defendant Gaetz (the Pinckneyville Warden) shall also remain in the action at this time.

However, the claims against the other Defendants shall be dismissed on initial review for the following reasons. First, if a prisoner is under the care of prison medical

professionals, a non-medical prison official "will generally be justified in believing that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). According to the complaint, Defendants Godinez, Walker, Randle, Johnson, Jackie Miller, Kiley, Smith, Deen, Laker, Markel, Stoffey, and Angl are not medical professionals and were not directly involved in providing medical care to Plaintiff. Plaintiff's allegations show only that these Defendants reviewed his grievances over the medical providers' decisions not to perform cataract surgery. The denial or mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

In addition, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Thus, administrators such as the IDOC Directors and prison wardens, who were not "personally responsible for the deprivation of a constitutional right," cannot be held liable for the unconstitutional actions of their subordinates. *See id.*

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

Plaintiff's motion for service of process at government expense (Doc. 4) is

**GRANTED IN PART AND DENIED IN PART**.  It is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service at the government's expense.  The Clerk shall be directed below to serve those Defendants who remain in the action.  The motion is denied as to those Defendants who shall be dismissed.

**Disposition**

The Clerk is **DIRECTED** to add the following Defendants who were inadvertently omitted from the docket sheet:  **WEXFORD HEALTH CARE, ROBERT R. WALKER, MICHAEL P. RANDLE, CHRISTY FENTON, SARAH JOHNSON, JACKIE MILLER, DR. ELS, DR. E. MONTWILL, KERRICK L. KILEY, J. SMITH, K. DEEN, D. LAKER, L. MARKEL, K. STOFFEY, WARDEN K. ANGL,** and **WARDEN GAETZ.**

Defendants **GODINEZ, WALKER, RANDLE, JOHNSON, JACKIE MILLER, KILEY, SMITH, DEEN, LAKER, MARKEL, STOFFEY,** and **ANGL** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **MARY MILLER, WEXFORD HEALTH CARE, FENTON, ELS, MONTWILL,** and **GAETZ**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address

provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 5, 2012**

s/ MICHAEL J. REAGAN
United States District Judge