IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY BRINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12−cv−01103−MJR−SCW |
| | ) |
| MARY MILLER, WEXFORD HEALTH SOURCES, INC., DR. ELS, DR. E. MONTWILL, WARDEN GAETZ, and CHRISTINE BROWN | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pending before the Court is the Defendants' joint oral Motion to Dismiss for Lack of Prosecution (Doc. 44), which was entered on November 20, 2013. The Court set this Motion for a show cause hearing on December 4, 2013, at which Plaintiff failed to appear. For the reasons set forth below, it is **RECOMMENDED** that Defendants' motion for dismissal be **GRANTED**, and the case **DISMISSED with prejudice**.

### BACKGROUND

Defendant Wexford Health Sources filed a Motion to Compel on October 25, 2013. (Doc. 87). Wexford alleged that they had sent Plaintiff written discovery requests on August 6, 2013. (Doc. 87). Wexford used the address on the docket. (Doc. 87). Later, Wexford discovered that Plaintiff was incarcerated at Graham Correctional Center, not living in Springfield as indicated on the docket. (Doc. 87). Wexford forwarded the written discovery to Plaintiff at Graham on September 4, 2013. (Doc. 87). At no time did Plaintiff inform the Court that he was incarcerated at Graham Correctional Center, despite the Court's August 16, 2013 order cancelling a previously-set

1

status conference and reminding Plaintiff of his obligation to provide a current address. (Doc. 73). Plaintiff filed a change of address with the Court on September 6, 2013, and gave a Springfield, IL address. (Doc. 78). Plaintiff never responded to the discovery. (Doc. 87). On October 8, 2013, Wexford sent Plaintiff a letter asking him to respond to discovery. (Doc. 87). Plaintiff never responded to the letter. (Doc. 87). The Court set Wexford's Motion to Compel for hearing on November 20, 2013, and sent notice to Plaintiff's Springfield, IL address. (Doc. 88). The notice also informed Plaintiff that he may respond in writing to the Motion to Compel. (Doc. 88). No response is reflected in the docket. Plaintiff failed to appear at the November 20, 2013 hearing. (Doc. 92) At that time, Defendants orally moved to dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Doc. 93). The Court set this matter for a show cause hearing on December 4, 2013. (Doc. 92). Once again, Plaintiff failed to appear.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes dismissal for failure to obey discovery orders, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice. **Lucien v. Breweur, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v).** Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien, 9 F.3d at 29. Accord James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution.").** Recently, the Seventh Circuit has clarified that sanctions for failure to prosecute must fit the misconduct, and that dismissal is an inappropriate sanction for a lone error. **Johnson v. Chicago Bd. of Educ., 718 F.3d 731, 733 (7th Cir. 2013)("We have held repeatedly that sanctions should fit the misconduct and in particular that dismissal is not the appropriate response to a litigant's errors (or even misconduct) that do not appear to be serious or repeated.").**

2

Plaintiff's case should be dismissed for failure to prosecute because he has shown a pattern of serious and repeated errors. This is not the situation in *Johnson* where the plaintiff made a single error by failing to show up at a one routine status conference. Here, Plaintiff has failed to meet his obligations as a litigant and participate in discovery. When Defendants complained of this conduct, Plaintiff failed to respond. The Court issued an order requiring Plaintiff to be present at a hearing to discuss the discovery dispute, which Plaintiff ignored. Plaintiff was sent notice at the address he provided to the Court that his failure to appear at a show cause hearing may result in dismissal. Plaintiff then failed to appear. He has also failed to keep the Court informed of his whereabouts at relevant times throughout this litigation. Plaintiff was given specific warnings that his case would be subject to dismissal should he fail to appear, and yet he continued to neglect his case. **See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** The undersigned therefore finds that dismissal with prejudice is warranted under Federal Rules 37 (b) and 41(b). **See Lucien, 9 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

Because the case should be dismissed with prejudice, there is no need to analyze the merits of any pending motions. The pending Motion to Compel (Doc. 87) and Defendant El's Motion to Dismiss (Doc. 84) should be found **MOOT**.

## Conclusion

It is therefore **RECOMMENDED** that Defendant's oral motion for dismissal be **GRANTED**, and that Mr. Briner's case be **DISMISSED WITH PREJUDICE** for his failure to diligently prosecute his case. Wexford's Motion to Compel (Doc. 87) and Defendant El's Motion to Dismiss (Doc. 84) should be found **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely

objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). **Objections to this Report and Recommendation must be filed on or before December 23, 2013**.

**IT IS SO RECOMMENDED.**

**Dated: December 5, 2013**  /s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge